| | |
|---|---|
| **LOKER LAW, APC**<br>Matthew M. Loker, Esq. (279939)<br>matt@loker.law<br>1303 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420<br>Telephone: (805) 994-0177<br>Facsimile: (805) 994-0197 | **LAW OFFICE OF ALBERT R. LIMBERG**<br>Albert R. Limberg, Esq. (211110)<br>alimberg@limberglawoffice.com<br>3667 Voltaire Street<br>San Diego, CA 92106<br>Telephone: (619) 344-8667<br>Facsimile: (619) 344-8657 |

*Attorney for Plaintiff,*
Kenneth Dawes

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DAWES,<br><br>             Plaintiff,<br><br>        v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION.<br><br>             Defendant. | Case No.: **'22CV0198 LL   KSC**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **THE ELECTRONIC FUND TRANSFERS ACT, 15 U.S.C. § 1693, ET SEQ.;**<br><br>II. **THE FAIR CREDIT BILLING ACT, 15 U.S.C. § 1666-1666J;**<br><br>III. **CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE §§1798.92, ET SEQ.; AND**<br><br>IV. **CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200**<br><br>**JURY TRIAL DEMANDED** |

CASE NO.:                                           *Dawes v. JPMorgan Chase Bank, National Association*
**COMPLAINT**

## INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id.* Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id.*, at 1693d-1.

2. The Fair Credit Billing Act, 15 U.S.C. § 1666-1666j ("FCBA") protects consumers from unfair billing practices by providing a mechanism through which a consumer can dispute a billing error with a creditor. Pursuant to the FCBA, a creditor may not attempt to collect on a disputed debt, threaten to adversely report the disputed amount as delinquent, or adversely report the disputed amount as delinquent until the claim has been investigated and resolved.

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

4. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

5. KENNETH DAWES ("Plaintiff"), by Plaintiff's attorneys, brings this lawsuit to challenge the actions of J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION ("Defendant') with regard to unauthorized electronic funds transfers.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

9. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1693 and 15 U.S.C. § 1666 and 28 U.S.C. § 1367 for supplemental State claims.

12. This action arises out of Defendant's violations of (i) the Electric Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), (ii) the Fair Credit Billing Act, 15 U.S.C. § 1666, et seq. ("FCBA"), (iii) the California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq. ("CITA"), and (iv) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

13. Because Defendant conducts business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Diego County; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

15. Plaintiff is a natural person who resides in the County of San Diego, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

16. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

17. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

18. Defendant is banking company located in the State of New York.

19. Defendant is a "financial institution" as defined by 15 U.S.C. 1693a(9).

20. Defendant is a corporation doing business in the County of San Diego, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

21. Defendant is also a "claimant" as that term is defined by California Civil Code § 1798.92(a).

# FACTUAL ALLEGATIONS

22. At all times relevant, Plaintiff is an individual residing within the State of California.

23. Plaintiff's account with Defendant constitutes an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1).

24. Unfortunately, Plaintiff recently learned that Plaintiff was the victim of identity theft regarding debts incurred on his accounts with Defendant.

25. On November 5, 2021, an imposter withdrew funds from Plaintiff's deposit accounts with Defendant without Plaintiff's authorization, knowledge, or consent.

26. Specifically, Plaintiff disputes at least the following ATM and/or teller withdrawals and charges which occurred on November 5, 2021:
    - $1,000 ATM Cash Withdrawal, Transaction #19, in City Heights, CA.
    - $3,000 ATM Cash Withdrawal, Transaction #31, from Chase Bank Branch 741096, in Mission Valley, CA.
    - $3,000 ATM Cash Withdrawal, Transaction #51, from Chase Bank Branch 741249 in Kensington, CA.

27. Plaintiff also disputes the following any fees associated with these fraudulent transactions.

28. Every disputed transaction took place in a locations other than where Plaintiff was located.

29. Plaintiff called Defendant's fraud department to dispute the unauthorized transactions via telephone immediately following his discovery of the fraudulent transactions.

30. Defendant confirmed that Plaintiff's telephone dispute had been received via a letter dated November 18, 2021.

31. In Defendant's November 18, 2021 letter, Defendant notified Plaintiff that it had determined that at least one of the disputed transactions was unauthorized, had credited Plaintiff's account for the amount of the transaction, and would recommend that Plaintiff close the account.

32. Between November 8, 2021 and January 6, 2022, Plaintiff called Defendant's fraud department at least eight (8) times, to follow up on the fraudulent charges on his account and to provide any further information that Defendant needed.

33. During these disputes, Plaintiff conveyed the basis for Plaintiff's belief that he is the victim of identity theft.

34. Nevertheless, Defendant sent Plaintiff a form letter on January 6, 2022, rejecting Plaintiff's fraud claim regarding the $1,000 ATM cash withdrawal for the stated reason that "[w]e found that the transaction(s) was processed according to the information provided or was authorized."

35. Defendant's investigation was unreasonable.

36. Defendant did not make a good faith investigation of the unauthorized electronic funds transfers.

37. Defendant did not have a reasonable basis for believing that Plaintiff was not the victim of identity theft.

38. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.

39. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

40. Through this conduct, Defendant violated 15 U.S.C. § 1693f.

41. Defendant imposed liability on Plaintiff for disputed transactions totaling thousands of dollars for the unauthorized transactions.

42. Through this conduct, Defendant violated 15 U.S.C. § 1693g.
43. Through this conduct, Defendant violated 15 U.S.C. § 1666-1666j.
44. The abovementioned withdrawal were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).
45. To date, Defendant continues to hold Plaintiff responsible for the fraudulent transactions.
46. Through this conduct, Defendant violated and continues to violate California's Business and Professional Code, § 17200.
47. Since Plaintiff's efforts to be absolved of the fraudulent debt and reimbursed for the fraudulent withdrawals were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
49. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.
50. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## COUNT II

## VIOLATION OF THE FAIR CREDIT BILLING ACT

## 15 U.S.C. § 1666-1666J (FCBA)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of FCBA.

53. As a result of each and every violation of FCBA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1640a (1); statutory damages pursuant to 15 U.S.C. § 1640a (2)(A)(i); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640a (2)(A)(iii).

## COUNT III

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE § 1798.92-1798.97 (CITA)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of CITA.

56. As a result of each and every violation of CITA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## COUNT IV

## VIOLATION OF CALIFORNIA'S UNFAIR. COMPETITION LAW

## CAL. BUS. & PROF. CODE § 17200, Et Seq. (UCL)

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.

59. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.

60. A plaintiff is required to provide evidence of a causal connection between a Defendant's business practices and the alleged harm--that is, evidence that the Defendant's conduct caused or was likely to cause substantial injury.

61. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNLAWFUL

62. California Business & Professions Code §17200 prohibits any "unlawful ... business act or practice." An unlawful business act or practice is an act or practice that is both undertaken pursuant to business activity and also forbidden by law.

63. Any business act or practice that is unlawful, in the sense that it violates a specific statute, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made, may be enjoined under the UCL.

64. As discussed above, Defendant has ignored clear evidence of fraud in order to hold Plaintiff responsible for not authorized by Plaintiff.

65. Defendant's unlawful business practices directly harmed Plaintiff since Plaintiff has suffered monetary damages due to said conduct.

66. Thus, Defendant's conduct has violated the "unlawful" prong of California Business & Professions Code § 17200.

### UNFAIR

67. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."

68. Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

69. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

70. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

71. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

72. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff since Plaintiff has suffered injury in fact due to Defendant's withdrawal of funds without written or oral preauthorization to do so.

73. Moreover, Defendant's deceptive conduct solely benefits Defendant while providing no benefit of any kind to any consumer. Thus, the injury suffered by Plaintiff is not outweighed by any countervailing benefits to consumers.

74. Finally, the injury suffered by Plaintiff is not an injury that consumers could reasonably have avoided since Defendant unilaterally investigate fraud claims and the decisions with regard to those claims.

75. As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff.

76. The injury suffered by Plaintiff is not an injury which Plaintiff could reasonably have avoided.

77. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

78. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

79. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

80. Here, not only was Plaintiff likely to be deceived, but Plaintiff actually was deceived by Defendant. Such deception is evidenced by the fact that Defendant collected on a fraudulent debt not owed by Plaintiff and deprived Plaintiff of the rightful use of his own funds.

81. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- An award of actual damages pursuant to 15 U.S.C. § 1640a (1);
- An award of statutory damages of no less than $500 nor greater than $5,000 pursuant to 15 U.S.C. § 1640a (2)(A)(i);
- An award of attorneys' fees pursuant to 15 U.S.C. § 1640a (2)(A)(iii);
- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5);
- An injunction preliminarily and permanently enjoining Defendant from engaging in the unlawful debt collection practices stated herein;
- An order requiring Defendant to pay restitution to Plaintiff due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205; and
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

82. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 11, 2022                                  Respectfully submitted,

**LOKER LAW, APC**

By:    /s/ Matthew M. Loker
       MATTHEW M. LOKER, ESQ.
       ATTORNEY FOR PLAINTIFF