UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH DAWES,<br><br>              Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>              Defendant. | Case No.: 3:22-cv-00198-BEN-KSC<br><br>**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD**<br><br>**[ECF No. 15]** |

      On February 11, 2022, Plaintiff Kenneth Dawes ("Plaintiff") filed a Complaint against JP Morgan Chase Bank, N.A. ("Chase Bank") alleging four claims for relief. ECF No. 1. On May 1, 2022, Plaintiff and Chase Bank filed a joint stipulation to arbitrate Plaintiff's claims and stay the case. ECF No. 13. On May 24, 2022, the Court granted this stipulation. ECF No. 14. On June 29, 2023, a Final Arbitration Award was issued by arbitrator Ana Sambold. See ECF No. 15-4, ("Final Award"). The Final Award resolved all claims between Plaintiff and Chase Bank. *Id*.

      Before the Court is Defendant Chase Bank's motion to confirm the final arbitration award. ECF No. 15. Plaintiff did not oppose the motion. This motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. *See* ECF No. 16.

1

Pursuant to the Federal Arbitration Act ("FAA"), a court has jurisdiction to enforce, confirm, or modify an arbitration award where the claim was already pending in federal court of competent jurisdiction. 9 U.S.C. § 1, *et seq*; *see also PMS Distrib. Co., Inc. v. Huber & Shuner, A.G.*, 863 F.2d 639, 642 (9th Cir. 1988). The FAA states, "any part to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected…" 9 U.S.C. § 9. There are only limited grounds under which an arbitration award may be vacated. 9 U.S.C. § 10(a). Chase Bank asserts none of the grounds for vacating the arbitration award are present in this case. ECF No. 15-1 at 5. Additionally, Plaintiff did not oppose Chase Bank's motion.[1] Having reviewed the Final Award and the motion submitted, the Court **GRANTS** Chase Bank's motion to confirm the arbitration award and **ORDERS** as follows:

    1. The Clerk shall enter Judgment in favor of Defendant Chase Bank against Plaintiff Kenneth Dawes as to all claims;

    2. The Final Arbitration Award, dated June 29, 2023, in the arbitration entitled <u>Kenneth Dawes v. JPMorgan Chase Bank, National Association</u>, before the American Arbitration Association, Case No. 01-22-0002-2091 is **CONFIRMED**;

    3. Plaintiff's claims are dismissed in their entirety with prejudice; and

    4. Pursuant to the Final Award, Chase Bank and Plaintiff are responsible for their respective attorneys' fees.

**IT IS SO ORDERED.**

Dated: May 17, 2024

_____
HON. ROGER T. BENITEZ
United States District Judge

---

[1] Under Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers…that failure may constitute a consent to the granting of a motion or other request for ruling by the Court."